UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION,
and WELFARE FUNDS,

                          Plaintiffs,                  **ORDER**

    -against-                                       12 CV 6312 (DRH) (ETB)

DUNCAN & SON CARPENTRY, INC.,

                          Defendant.
-----------------------------------------------------------X

**HURLEY, Senior District Judge:**

       Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension, and Welfare Funds ("plaintiffs") commenced this action against Duncan & Son Carpentry, Inc. ("defendant" or "Duncan & Son") under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement. After Duncan & Son's default was noted by the Clerk of Court pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), plaintiffs moved for entry of a default judgment under Rule 55(b). On February 22, 2013, this motion was referred to United States Magistrate Judge E. Thomas Boyle to issue a Report and Recommendation as to whether plaintiffs have demonstrated that the allegations in the Complaint establish the defendant's liability such that the motion for default judgment should be granted, and if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded.

On June 12, 2013, Judge Boyle issued a Report and Recommendation which recommended that a default judgment be entered against Duncan & Sons and that the following damages be awarded: (1) $6,721.24 in partial enforcement of the arbitrator's monetary award; (2) $219.02 in post-arbitration interest; (3) $250.00 in arbitration fees; (4) $4,494.00 in attorney's fees beyond those awarded by the arbitrator; and (5) $390.92 in costs.  Judge Boyle also recommended that defendants be ordered to make any and all books and records available to plaintiffs and their authorized representatives to conduct an audit for the period of January 1, 2009 through October 22, 2012.  More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the June 12, 2013 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result.  Therefore, the Court adopts the Report and Recommendation of Judge Boyle as if set forth herein.  Accordingly, the Court hereby directs that default judgment be entered in favor of plaintiffs and against defendant for the following damages:

(1) $6,721.24 in partial enforcement of the arbitrator's monetary award;

(2) $219.02 in post-arbitration interest;

(3) $250.00 in arbitration fees;

(4)  $4,494.00 in attorney's fees; and

(5) $390.92 in costs.

In addition, plaintiffs are awarded injunctive relief requiring defendant to make any and all books

and records available to plaintiffs and their authorized representatives to conduct an audit for the period of January 1, 2009 through October 22, 2012.

Upon entry of judgment, the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
July 10, 2013

/s/
Denis R. Hurley
Unites States District Judge